UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.O.L.T., an unincorporated association of motorcycle riders and enthusiasts; MARK TEMPLE, an individual; NOREEN MCNULTY, an individual; WARREN PEARL, an individual; LYLE DUVAUCHELLE, an individual; GLENN OSBORN, an individual; JEFFREY RABE, an individual; DAVID ZALITSKIY, an individual; WILLIAM LANGHORNE, an individual; THOMAS BELL, an individual; ROBERT BALTHORPE II, an individual,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF RANCHO CORDOVA, a political subdivision of the state of California; COUNTY OF SACRAMENTO, a political subdivision of the state of California; RANCHO CORDOVA POLICE DEPARTMENT, an independent legal agency of the COUNTY OF SACRAMENTO and the CITY OF RANCHO CORDOVA; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; MICHAEL GOOLD, in his official capacity as the Chief of Police of the CITY OF RANCHO CORDOVA; RANCHO CORDOVA POLICE TRAFFIC SERGEANT G. LANE, in his | No. 2:14-CV-01588-GEB-DAD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DISMISSAL MOTION** |

1

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | individual and official capacity as Supervisor of the Traffic Division; SCOTT R. JONES, in his official capacity as the SHERIFF of the COUNTY OF SACRAMENTO; RANCHO CORDOVA POLICE OFFICER S. CARRDOZZO (badge number 480); RANCHO CORDOVA POLICE OFFICER M. JAMES (badge number 507); RANCHO CORDOVA POLICE OFFICER S. PADGETT (badge number 1174), |
| 8 | Defendants. |

Each of the following parties seek dismissal of Plaintiffs' Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6): City of Rancho Cordova, County of Sacramento, Rancho Cordova Police Department, Sacramento County Sheriff's Department ("collectively the Entity Defendants"), Michael Goold sued in his official capacity as the Chief of Police of the City of Rancho Cordova, Rancho Cordova Police Traffic Sergeant G. Lane sued as Supervisor of the Traffic Division in both his individual and official capacities, Scott R. Jones as the Sheriff of the County of Sacramento in his official capacity, Rancho Cordova Police Officer S. Cardozzo sued in his individual capacity, Rancho Cordova Police Officer M. James sued in his individual capacity, and Rancho Cordova Police Officer S. Padgett sued in his individual capacity (all Defendants are collectively referenced as "Defendants" and the defendants sued in their individual capacities are collectively referenced as "Individual Defendants").

Plaintiffs' Complaint contains claims alleged under the First, Fourth, and Fourteenth Amendments.

## I.   FACTUAL ALLEGATIONS

The dismissal motion concerns the following assertions in the Complaint. Plaintiffs are California residents with "class M1 motorcycle license[s]" who "travel through . . . Rancho Cordova and the County of Sacramento on their motorcycles." (Compl. Overview ¶¶ 1-2, ECF No. 1.) Defendants "engaged in a pattern . . . of denying Plaintiffs . . . their constitutional rights . . . [by] arresting [and citing them for non-compliance with California helmet law] without specific probable cause to believe that the motorcyclist has actual knowledge of [his or her] helmet's non-compliance" with that law. (Id.)

"The helmet law requires specific intent[,]" and "[a] motorcyclist who is wearing a helmet that was certified [as compliant with that law] by the manufacturer at the time of sale must have actual knowledge of the helmet's non-conformity to be guilty of violating the helmet law." (Id. ¶¶ 53-54.) Therefore, "the ticketing officer must have probable cause to believe that [a motorcyclist wearing a helmet that was certified as compliant when purchased, had] actual knowledge of [his or her helmet's] non-conformity" before a citation is issued to the motorcyclist. (Id. ¶ 56.)

Each Plaintiff was "at all times riding a motorcycle wearing a manufacturer certified helmet," yet was cited for a helmet law violation. (Id. ¶ 62.) "[P]laintiffs. . . [lacked] actual knowledge of the[ir] helmet[s'] non-conformity [with the legal requirement and had no]. . . decertification information." (Id. ¶ 87.)

Plaintiffs allege they "have all been [ticketed or]

3

arrested without probable cause" and suffered injury. (Id. ¶ 57.)

## II. LEGAL STANDARD

"To survive a motion to dismiss, a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013) (citation omitted). "Plausibility requires pleading facts, as opposed to conclusory allegations." Id. "Factual allegations must . . . raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## III. DISCUSSION

### A.  Statute of Limitations

Defendants seek dismissal of all "claims asserted by Plaintiffs Dalke, McNulty, Bell, Zalutskiy and Balthorpe[,]" arguing the claims are barred by California's two-year statute of limitations for personal injury actions since the challenged claims accrued before July 4, 2012, which is more than two years before the Complaint was filed. (Defs.' Mot. Dismiss ("Mot.") 4:23-5:5, ECF No 11.) Defendants also seek dismissal of Plaintiff Temple's claim that is premised on a stop occurring on December 1, 2009. (Id. at 5:6-8.) "Plaintiffs . . . agree the statutory period is 2-years from the date of accrual (i.e. arrest)." (Pls.' Opp'n Mot. Dismiss ("Opp'n") 5:25-26, ECF No. 17.)

"For actions under 42 U.S.C. § 1983, courts apply the

forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927, 927 (9th Cir. 2004). California's statute of limitations for personal injury actions is two years. Cal. Code Civ. Proc. § 335.1.

Plaintiffs' Complaint reveals Dalke's claim accrued on September 27, 2011 (Compl. ¶ 64); one of Temple's claims accrued on December 1, 2009 (Id. ¶ 67); McNulty's claim accrued on February 17, 2012 (Id. ¶ 68); Bell's claim accrued on April 29, 2010 (Id. ¶ 73); Zalutskiy's claim accrued on June 21, 2012 (Id. ¶ 74); and Balthorpe's claim accrued on October 27, 2010 (Id. ¶ 75). Therefore, this portion of the motion is granted.

### B. Plaintiff B.O.L.T.

Defendants argue Plaintiff B.O.L.T.'s claims should be dismissed because B.O.L.T. "does not claim any direct injury to itself" and does not meet the requirements for associational standing to sue on behalf of its members. (Mot. 8:24-25.)

For an organization to sue on behalf of its members, it must satisfy three requirements to secure organizational standing: "(a) its membership would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members of the lawsuit." Hunt v. Wash. Apple Advert. Comm'n, 432 U.S. 333, 343 (1977). "[S]tanding cannot be inferred . . . from averments in the pleadings, but rather must

affirmatively appear in the record." FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990).

The Complaint lacks any allegations demonstrating associational standing. Therefore, Defendants' motion to dismiss B.O.L.T.'s claims is granted.

### C. Official Capacity Claims Against Defendants Goold, Jones, and Lane

Defendants Goold, Jones, and Lane each argue the official capacity claims against him should be dismissed since a suit against an officer in his official capacity is tantamount to suing the municipality and a department thereof, thus making the official capacity suit needlessly duplicative.

Plaintiffs counter their official capacity claims should not be dismissed because Plaintiffs seek equitable relief and if successful, "the injunction will have to be served on [Goold, Jones and Lane] themselves, and not the county." (Opp'n 9:19-20.)

Therefore, the motion is denied.

### D. Defendants Sacramento County Sheriff's Department and the Rancho Cordova Police Department

Sacramento County Sheriff's Department and the Rancho Cordova Police Department seek dismissal of all claims alleged against them, contending they are not subject to suit since a department of a municipality is not considered a "person" amendable to suit for constitutional violations under 42 U.S.C. § 1983, and because they are redundant parties. (Mot. 7:19-21, 8:1-4.)

Plaintiffs have not responded to the redundancy portion

of the motion. Therefore, this portion of the dismissal motion is granted.

### E. Privileges and Immunities Clause

Defendants seek dismissal of Plaintiffs' claims alleging violation of Plaintiffs' "right to travel under the Privileges and Immunities Clause of the [Fourteenth] Amendment." (Compl. ¶ 121.) Defendants argue "Plaintiffs vaguely allege that the enforcement of the Helmet Laws somehow impacts their right to travel[, and] fail to present . . . facts . . . support[ing]... this claim." (Mot. 10:26-28.)

"The word travel is not found in the text of the Constitution. Yet the constitutional right to travel from one State to another is firmly embedded in our jurisprudence." Saenz v. Roe, 526 U.S. 489, 498 (1999) (internal quotation marks omitted).

> The "right to travel" . . . embraces at least three different components. It protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State.

Id. at 500.

Plaintiffs allege violation of their right to travel in a conclusory manner, which is insufficient to plead plausible right to travel claims. Therefore, Plaintiffs' right to travel claims alleged under the Privileges and Immunities Clause of the Fourteenth Amendment are dismissed.

///

7

     **F.  First Amendment**

Defendants seek dismissal of Plaintiffs' First Amendment claims, arguing they are not supported by "the facts contained in Plaintiffs' Complaint." (Mot. 11:11-12.)

Plaintiffs' Complaint contains the following conclusory allegations about the First Amendment claims: "Each individual defendant specifically targeted Plaintiffs, and other motorcycle enthusiasts, simply because of their association and/or how they expressed themselves by the type of helmet they wore in violation of the First Amendment." (Compl. ¶ 135.)

The First Amendment protects certain "conduct intending to express an idea . . . only if it is sufficiently imbued with elements of communication to fall within the scope of the First and Fourteenth Amendments, which means that an intent to convey a particularized message is present, and the likelihood is great that the message will be understood by those who view it." Anderson v. City of Hermosa Beach, 621 F.3d 1051, 1058 (9th Cir. 2010) (internal citations, quotation marks, and brackets omitted). Further "[i]t is beyond debate that freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the 'liberty' . . . , which embraces freedom of speech." Nat'l Ass'n for Advancement of Colored People v. State of Ala. ex rel. Patterson, 357 U.S. 449, 461 (1958).

However, Plaintiffs' conconlusory allegations fail to allege plausible free speech or association claims. Therefore, Defendants' motion to dismiss Plaintiffs' First Amendment claims is granted.

///

**G.   Individual Defendants**

   **1.   Fourteenth Amendment**

The Individual Defendants seek dismissal of Plaintiffs' Fourteenth Amendment claims, arguing Plaintiffs "fail to identify any conduct by the officers that implicates Fourteenth Amendment protections[;]" "a plaintiff cannot invoke . . . the Fourteenth Amendment to prosecute an alleged violation of a fundamental right if that right has explicit constitutional protection under a more specific provision[;]" and "Plaintiffs expressly contend that the officers are responsible for issuing them citations, which Plaintiffs allege are tantamount to arrests under California law." (Mot. 12:10-15, 17-19.)

The gravamen of Plaintiffs' allegations is that Plaintiffs were ticketed without probable cause, and that this constituted a seizure proscribed by the Fourth Amendment.

A traffic stop is a seizure under the Fourth Amendment. See Del. v. Prouse, 440 U.S. 648, 653 (1979). The Supreme Court has made clear that "we analyze[] the constitutionality of the challenged [seizures] . . . solely by reference to the Fourth Amendment's prohibition against unreasonable seizures of the person," "[b]ecause the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct[; and] that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." Graham v. Connor, 490 U.S. 386, 395 (1989).

Plaintiffs' allegations do not allege plausible Fourteenth Amendment claims, and rather assert that the citations

9

they received constitute arrests under California law. (See Compl. ¶¶ 46, 63-77, 84.) Accordingly, the Individual Defendants' motion to dismiss Plaintiffs' Fourteenth Amendment claims is granted.

### 2. Qualified Immunity

Each Individual Defendant argues his qualified immunity defense shields him from being exposed to liability for Plaintiffs' Fourth Amendment claims, contending "there is no clearly established law that would have placed. . . [him] on notice that. . . [he] w[as] required to investigate in a particular manner or procedure or what that investigation or evaluation of evidence should include prior to issuing citations regarding helmet use." (Mot. 7:5-8.)

Plaintiffs rejoin the "law was clearly established in Easyriders Freedom F.I.G.H.T. v. Hannigan, 92 F.3d 1486 (9th Cir. 1996)." (Opp'n 7:22-24.)

In Rodis v. City, Cnty. of S.F., 558 F.3d 964, 969 (9th Cir. 2009), the Ninth Circuit summarized a holding in Easyriders as follows: "[an] officer[] must have probable cause of a motorcyclist's actual knowledge that a certified helmet does not comply with helmet safety laws before ticketing [him or her]."

"The . . . qualified immunity [affirmative defense] shield[s] an officer from personal liability when an officer reasonably believes that his or her conduct complies with the law." Pearson v. Callahan, 555 U.S. 223, 244 (2009); see also Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "[T]he Supreme Court has mandated that, in qualified immunity cases, the contours of the right [at issue] must be clearly

established . . . , meaning that it must be 'clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" Moss v. U.S. Secret Serv., 711 F.3d 941, 951 (9th Cir. 2013). In other words, "qualified immunity protects [an] officer from liability unless it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Chavez v. U.S., 683 F.3d 1102, 1110 (9th Cir. 2012) (citation and internal quotation marks omitted).

Here, each movant fails to show that a reasonable police officer could believe probable cause existed in the situation here where Plaintiffs allege in the Complaint that each Plaintiff was ticketed without probable cause, and was "wearing a manufacturer certified helmet" at the time of the citation and did not have actual knowledge of the helmet's non-compliance with California law. (Compl. ¶¶ 62, 87-89.)

Therefore, each Individual Defendant's qualified immunity motion is denied.

**H.  Plaintiffs' Request for Leave to Amend**

Lastly, Plaintiffs request in their opposition brief that they be granted "leave to file an amended and supplemental complaint." (Opp'n 13:9.) Plaintiffs state:

> A supplemental pleading is required to allege relevant facts occurring after the original pleading was filed. F.R.C.P. Rule 15(d). Supplemental pleadings are favored because they enable the court to award complete relief in the same action, avoiding the costs and delays of separate suits. Therefore, absent a clear showing of prejudice to the opposing parties, they are liberally allowed. Keith v. Volpe, 858 F2d 467, 473-474 (9th Cir. 1988); Carolina Cas. Ins. Co. v. Lanahan & Reilley, LLP, 2011 WL 3741004, (ND CA 2011) (citing text)] A

           supplemental pleading is designed to bring the action "up to date" and to set forth new facts affecting the controversy that have occurred since the original pleading was filed. Manning v. City of Auburn, 953 F2d 1355, 1359-1360 (11th Cir. 1992).

           As new actions accrued after this action was filed, plaintiffs request leave to file an amended and supplemental complaint based upon these new facts, and this court's order on defendants' motion.

(Id. at 13:10-23.)

This request is essentially a motion for leave to amend under Rule 15. However, the request does not provide the notice prescribed in Local Rule 230(b). Even assuming arguendo that the request is considered a "related or counter-motion," under Local Rule 230(e), the request is still defective. Rule 7 prescribes, in relevant part: "A request for a court order must be made by motion. The motion must: . . . state with particularity the grounds for seeking the order . . . ." Fed. R. Civ. P. 7(b)(1)(B). Further, Local Rule 137(c) prescribes: "If filing a document requires leave of court, such as an amended complaint after the time to amend as a matter of course has expired, counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave . . . ." Plaintiffs' request for leave to amend contained within its opposition to Defendants' dismissal motion does not comply with these requirements.

Therefore, this request is denied.

///

///

///

12

///

### IV. CONCLUSION

For the stated reasons, the motion to dismiss is GRANTED in PART and DENIED in PART. Plaintiffs are granted forty (40) days from the date on which this order is filed to file a First Amended Complaint addressing the pleading deficiencies identified here.

Dated:  December 5, 2014

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge