UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.O.L.T. an unincorporated association of motorcycle riders and enthusiasts; MARK TEMPLE; JOHN DALKE; LAWRENCE "WOLF" HAVEN; NOREEN McNULTY; WARREN PEARL; LYLE DUVAUCHELLE; JEFFREY RABE; DAVID ZALITSKIY; WILLIAM LANGHORNE; THOMAS BELL; ROBERT BALTHORPE II,<br>        Plaintiffs.<br><br>   v.<br><br>CITY OF RANCHO CORDOVA, a political subdivision of the State of California; COUNTY OF SACRAMENTO; a political subdivision of the State of California; RANCHO CORDOVA POLICE DEPARTMENT, an independent legal agency of the COUNTY OF SACRAMENTO and the CITY OF RANCHO CORDOVA; SACRAMENTO COUNTY SHERIFF'S DEPARTMENT; MICHAEL GOOLD, in his official capacity as the Chief of Police of the CITY OF RANCHO CORDOVA; RANCHO CORDOVA POLICE TRAFFIC SERGEANT G. LANE, in his individual and official capacity as Supervisor of the Traffic Division; SCOTT R. JONES, in his official capacity as the SHERIFF of the COUNTY OF SACRAMENTO; RANCHO CORDOVA POLICE OFFICER S. CARROZZO; RANCHO CORDOVA POLICE OFFICER M. JAMES; RANCHO CORDOVA POLICE OFFICER S. PADGETT, | No. 2:14-cv-01588-JAM-KJN<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)** |

1

| | |
|---|---|
| | Defendants. |

Defendants City of Rancho Cordova, County of Sacramento, Rancho Cordova Police Department, Sacramento Sheriff's Department, Michael Goold, Scott Jones, G. Lane, S. Carrozzo, M. James, S. Padgett ("Defendants") move to dismiss the municipal liability claim alleged in Plaintiffs' Second Amended Complaint (SAC), under Federal Rule of Civil Procedure ("Rule") 12(b)(1) on the following grounds:

> Plaintiffs in this action . . . filed this lawsuit against the Defendant public entities and several of their employees regarding claims over the Defendants' enforcement of motorcycle helmet laws. In summary, Plaintiffs allege that they were improperly cited for violation of state motorcycle helmet safety laws by the individual Defendant officers as a result of the failure of the public entities to train their employees with regard to enforcement of the helmet laws. This action now proceeds on the Second Amended Complaint which alleges a single <u>Monell</u>-type claim for declaratory and injunctive relief for "future enforcement only" for violations of the Fourth Amendment pursuant to 42 U.S.C § 1983.
>
> The Sacramento County Sheriff Department implemented General Order 22/02: Enforcement of California's Mandatory Helmet Law ("General Order 22/02") on August 5, 2015. The General Order was adopted by the Rancho Cordova Police Department. The General Order meets the appropriate legal requirements set forth in California Vehicle Code §§ 27800-27803 and related Ninth Circuit case law. Thus, both the Sacramento County Sheriff's Department and Rancho Cordova Police Department now have an express policy in place detailing the policy and procedure for personnel for enforcement of California Vehicle Code § 27803, which nullifies the Second Amended Complaint. Defendants respectfully submit the injunctive relief for future enforcement requested by the Second Amended

2

> Complaint is therefore rendered moot, this court no longer has subject matter jurisdiction over Plaintiff's claim, and request the Second Amended Complaint be dismissed with prejudice pursuant to F.R.Civ.P. 12(b)(1).

(Defs.' Mot. to Dismiss ("Mot.") 2:15-3:6, ECF No. 38.) For the reasons stated below, Defendants dismissal motion is DENIED.

### I.   LEGAL STANDARD

"The objection that a federal court lacks subject-matter jurisdiction, [under Rule] 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and entry of judgment." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006).

> A Rule 12(b)(1) attack may be facial or factual. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack the challenger disputes the truth of the allegations that, by themselves would otherwise invoke federal jurisdiction. . . .
>
> . . . .
>
> In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a summary judgment.

Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).

"'The presumption of correctness that we accord to . . . [Plaintiff's] allegations falls away on the jurisdictional issues once a defendant proffers evidence that calls the court's jurisdiction into question.'" Harris v. CVS Pharmacy, Inc., Case No.: ED CV 13-02329-AB (AGRx), 2015 WL 4694047 at *2 (CD Cal.

3

August 6, 2015) (quoting <u>Commodity Trend Serv., Inc. v. Commodity Futures Trading Comm'n</u>, 149 F.3d 679, 685 (7th Cir. 1998)).

## II.   BACKGROUND

The dismissal motion concerns the following allegations in the SAC. Plaintiffs are California residents with "class M1 motorcycle license[s]." (Pls.' SAC ¶ 2, ECF No. 31.) Defendants' enforcement of California's mandatory helmet law, prescribed by California Vehicle Code §27803, violates Plaintiffs' Fourth Amendment right to be free from unlawful seizure. (<u>Id.</u> ¶ 147.) Defendants have failed to ensure that "an officer [has] specific probable cause to believe that a motorcyclist has actual knowledge of a helmet's non-compliance <u>before</u> citing that motorcyclist for violating the helmet law" as required by <u>Easyriders Freedom F.I.G.H.T. v. Hannigan</u>, 92 F.3d 1486 (9th Cir. 1996). (<u>Id.</u>) "The acts of the officers were official policy and custom of and are attributable to the entity Defendants who employ the officers." (<u>Id.</u> ¶ 153.) Plaintiffs allege:

> ... because [D]efendants allow their officers to use their own discretion and visual criteria in determining which helmets are non-conforming and because [P]laintiffs are motorcyclists who wear a variety of helmets of the type that are not worn by motorcycle officers or their own subjective perceptions, [P]laintiffs are at real and immediate risk of being repeatedly cited for helmet law violations.

(<u>Id.</u> ¶ 69.)

Plaintiffs further allege:

> Given Defendants clear policy of ticketing motorcyclists for non-complying helmets based on officers' discretion and without regard to the motorcyclists' knowledge of non-compliance, and given the irreparable harm

4

>     from Fourth Amendment violations that cannot
>     be adequately compensated at law, Defendants
>     must be enjoined to have probable cause to
>     believe that the motorcyclists wearing
>     helmets that were certified at the time of
>     purchase have actual knowledge of the
>     helmet's non-compliance with Standard 218.

(Id. ¶ 167.)

Plaintiffs seek declaratory relief "... including but not limited to mandatory language in the Sacramento Sherriff Department Policy Manual and Rancho Cordova Policy Manual, defining law enforcement limitations and prohibitions on enforcement of CVC 27803; and prohibiting named individual officers from citing Plaintiffs without probable cause." (Id. at 44:25-45:21.) Plaintiffs additionally seek injunctive relief "permanently enjoin[ing Defendants]: From citing any motorcyclist for suspected violation of Vehicle Code 27803 unless there is probable cause [sufficient to satisfy the standard announced in Easyriders]." (Id. at 45:22-46:7.)

Defendants contend that General Order 22/02 moots Plaintiffs' claim. (Mot. at 3:2-6.) Specifically, Defendants argue:

>     General Order 22/02 for Sacramento County
>     Sheriff's Department and Rancho Cordova
>     Police Department was implemented on August
>     5, 2015. . . . The Policy states that:
>     "[m]embers of the Sacramento County Sheriff's
>     Department will enforce California's
>     Mandatory Helmet Law, currently codified at
>     California Vehicle Code 27800 et. Seq., in
>     accordance with the terms of the statutes and
>     controlling state and federal case law." With
>     regard to the Law and whether a helmet is
>     identified as "conforming or non-conforming,"
>     General Order 22/02 incorporates the
>     requirements for safety helmets from the text
>     of California Vehicle Code §27802.

5

> General Order 22/02 also addresses the specific intent element of California Vehicle Code §27803 and procedure for enforcement. At § II.D., General Order 22/02 states "[r]easonable suspicion is required to detain, and probable cause is required to arrest, a motorist subject to the Mandatory Helmet Law." General Order 22/02 further details appropriate procedures to comply with California Vehicle Code 27803 at § III.A-B[.]

(Id. at 4:3-17.)

### III. DISCUSSION

As noted above, Defendants move to dismiss Plaintiffs' SAC as moot. Further, Defendants argue that "Plaintiffs have not met their burden to establish that this Court has subject matter jurisdiction over the remaining claim, nor can they." (Defs.' Reply ("Reply") 2:24-26, ECF No. 46.)

"[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971). "The inability of the federal judiciary 'to review moot cases derives from the requirement of Art[icle] III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" DeFunis v. Odegaard, 416 U.S. 312, 316 (1974)(quoting Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964)). A claim is moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726 (2013) (quoting Murphy v. Hunt, 455 U.S. 478, 481 (1982)(per curiam)). Further, "[a] case becomes moot when the interim relief or events have deprived the court of the ability to redress the party's injuries." United States v. Alder Creek Water Co., 823 F.2d 343,

345 (9th Cir. 1987).

"There is a line of decisions in this Court standing for the proposition that the 'voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case, i.e., does not make the case moot.'" DeFunis, 416 U.S. at 318 (quoting United States v. W.T. Grant Co., 345 U.S. 629, 632 (1953)). However, "[t]he case may nevertheless be moot if the defendant can demonstrate that 'there is no reasonable expectation that the wrong will be repeated[;]' [t]he burden is a heavy one." W.T. Grant Co., 345 U.S. at 633 (quoting United States v. Aluminum Co. of America, 148 F.2d 416, 448 (2d. Cir. 1945)).

> The Supreme Court has made clear that the standard for proving that a case has been mooted by a defendant's voluntary conduct is "stringent":
>
>> "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." United States v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203 (1968). The "heavy burden of persua[ding]" the court that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness. Id.
>
> Friends of the Earth, Inc. v. Laidlaw Envtl. Serv. (TOC), Inc.,528 U.S. 167, 189 (2000); see also W.T. Grant Co., 345 U.S. 629, 632–33 (1953).

White v. Lee, 227 F.3d 1214, 1243 (9th Cir. 2000).

Defendants have not satisfied their "heavy burden" of demonstrating that the alleged wrongful behavior "could not reasonably be expected to recur." Concentrated Phosphate Exp.

7

Ass'n, 393 U.S. at 203. Defendants "impermissibly attempt[] to shift the burden to [Plaintiffs] to defeat mootness." Rosemere Neighborhood Ass'n v. United States Envtl. Prot. Agency, 581 F.3d 1169, 1173 (2009). While Defendants may ultimately be able to satisfy their burden, they have not demonstrated nor even argued in their motion to dismiss that the General Order allegedly alleviating Plaintiffs' harms will remain in place such that the alleged harm "cannot reasonably be expected to recur." Therefore, Defendants' motion to dismiss for lack of subject matter jurisdiction is DENIED.

Dated:  January 29, 2016

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE