# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| B.O.L.T., et al. | Case No. 2:14-CV-01588-JAM-DB |
| Plaintiffs, | **ORDER ON MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| CITY OF RANCHO CORDOVA, et al. | |
| Defendants. | |

_____/

The Motion for Summary Judgment or, in the alternative, Summary Adjudication filed Defendants Chief MICHAEL GOOLD and Sheriff SCOTT JONES come on regularly for hearing on June 26, 2018 before the undersigned. Having considered the Motion and accompanying papers, the opposition and oral argument, the Court made its ruling from the bench. Based thereon, and good cause appearing, it is hereby ordered that the Motion for Summary Judgment or, in the alternative, Summary Adjudication is GRANTED as follows:

///

///

1

**[PROPOSED] ORDER ON MOTION FOR SUMMARY JUDGMENT**

{01845667.DOC}

Plaintiffs allege that Defendants have a policy of citing/arresting motorcyclists without probable cause to believe that they have violated the helmet law and/or citing/arresting motorcyclists without specific probable cause to believe that the motorcyclists had actual knowledge of the helmet's noncompliance. Plaintiffs withdrew the claim based on any allegation that Defendants failed to train its officers.

The Court first finds that the claims of Plaintiffs DUVAUCHELLE and RABE are barred under Heck v. Humphrey, 512 U.S. 477 (1994), based on their respective traffic court guilty pleas or convictions of violation of California Vehicle Code section 27803, and Plaintiffs' concession at oral argument. The Court rejects Defendants' argument that estoppel bars Plaintiff Haven from asserting his claims in this case, based on this Court's finding that the issue of probable cause to issue the citation was not actually litigated in traffic court.

As to all remaining Plaintiffs on the Monell claim against the Defendants, it is well settled that municipalities are only liable, and the officers in their official capacity are only liable, when the constitutional violation results pursuant to an official municipal policy. Liability attaches where there is (1) an express policy, (2) a long-standing practice or custom, or (3) an isolated constitutional violation by a person with a final policymaking authority.

In this case, Plaintiffs have failed to cite a single piece of evidence to support their claim that citations are, in fact, being issued without probable cause. Instead, Plaintiffs argue that Defendants' written policy is what is causing constitutional violations. Specifically, in the opposition to the motion for summary judgment, the Plaintiffs assert that the Defendants' written policy that admissions and prior warnings may support a finding of probable cause to believe a motorcyclist had actual knowledge of a noncompliant helmet is unconstitutional. This argument is rejected.

///
///
///
///
///

**[PROPOSED] ORDER ON MOTION FOR SUMMARY JUDGMENT**

{01845667.DOC}

The Ninth Circuit has expressly approved of a prior warning policy as providing probable cause of the actual knowledge requirement. In <u>Easyriders Freedom F.I.G.H.T. v. Hannigan</u>, 92 F.3d 1486 (9th Cir. 1996), the Ninth Circuit wrote:

> Requiring CHP to have probable cause regarding a motorcyclist's actual knowledge of nonconformity does not prevent the CHP from enforcing the law. The CHP could increase its efforts to inform the public of what specific helmets do not comply with Standard 218. Because we vacate the first portion of the injunction, the CHP may stop motorcyclists based on the appearance of their helmets. If the officer discovers that a helmet has been determined not to comply with DOT standards but does not have probable cause to believe that the motorcyclist knows of the noncompliance, he could give a written warning to the motorcyclist that the helmet does not comply, and CHP could keep a record of such warnings. If the motorcyclist is stopped again by the same or a different officer, this notice, or other information indicating that the individual motorcyclist knew about the helmet's noncompliance, could satisfy the probable cause of actual knowledge requirement.

Therefore, the Ninth Circuit does allow police officers to detain motorcyclists based on the appearance of their helmets. Those detained may then be arrested, issued a citation, where there is probable cause that the motorist had actual knowledge of the helmet's noncompliance. Actual knowledge can be shown by an admission that the motorcyclist knew that the helmet did not comply. And actual knowledge may also be shown by evidence that the motorcyclist was previously warned about a helmet's noncompliance and continued to utilize the noncompliant helmet while riding.

Thus, this Court finds the Defendants' policy that admissions or prior warnings provide evidence of actual knowledge, and thus probable cause, complies with <u>Easyriders</u>. Therefore, the Court finds that Plaintiffs have not presented evidence that there was an express policy, a longstanding practice or custom, or an isolated constitutional violation by a person with final policymaking authority in which the Plaintiffs' constitutional rights were violated.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (ECF No. 68.) be granted.

///

///

///

The Court directs the clerk to enter judgment in favor of Defendants MICHAEL GOOD and SCOTT JONES and against Plaintiffs B.O.L.T., MARK TEMPLE, JEFFREY RABE, LYLE DUVAUCHELLE, WILLIAM LANGHORNE, and LAWRENCE HAVEN, and close this matter.

Dated: July 20, 2018

/s/ John A. Mendez
JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE

Approved as to form only:

/s/ Gary W. Gorski (*authorized on 7/20/18*)
Gary W. Gorski
Attorneys for Plaintiffs